**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **RUBEN AGUILERA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **7:17-CV-00126** |
| **DELGAR FOODS L.L.C.,** | § | |
| **D/B/A DELIA'S TAMALES,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

**INTRODUCTION**

Plaintiff Ruben Aguilera ("Plaintiff") files this Original Complaint against Defendant Delgar Foods LLC, d/b/a Delia's Tamales ("Defendant").

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Hidalgo County, Texas.

2.      Defendant is a Limited Liability Company organized under the laws of the state of Texas with its principal place of business located at P.O. Box 2978, McAllen, Texas 78502. Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, **or** wherever Defendant may be found.

## III.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4.      Defendant employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Hidalgo County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County.

6.      Hidalgo County lies within the McAllen Division of the Southern District of Texas, as set forth in 28 U.S.C. § 124(b)(7).

**V.**

**BACKGROUND FACTS**

7.    Plaintiff worked for Defendant from on or around October 13, 2013, until he was wrongfully terminated in or around August 2016.

8.    Plaintiff worked for Defendant as an Information Technology Technician.

9.    On or around May 10, 2016, Plaintiff was in a car accident within the scope of his employment with Defendant.

10.    As a result of the accident, Plaintiff suffered severe injuries that affected many of his daily major life activities.

11.    As a result, Plaintiff suffered arthritis at the hip and knee, as well as depression and anxiety.

12.    This affected Plaintiff's ability to drive, tend to his home, and interact with his family.

13.    Defendant forced Plaintiff to apply for leave under the Family and Medical Leave Act ("FMLA").

14.    This leave was approved on or around June 17, 2016, and was scheduled to end on or about September 8, 2016.

15.    Despite this, Defendant unexpectedly terminated Plaintiff's employment while he was out on FMLA leave, in August 2016.

16.    Upon information and belief, Defendant has forced other injured employees onto FMLA leave as a way to end their employment.

## VI.

## CAUSES OF ACTION

**A.      First Cause of Action—FMLA Interference**

17.      Plaintiff incorporates each of the foregoing paragraphs.

18.      Defendant denied Plaintiff leave that should have been covered by the Family and Medical Leave Act.

19.      Defendant's actions violated 29 U.S.C. § 2615.

**B.      Second Cause of Action—FMLA Discrimination**

20.      Plaintiff incorporates each of the foregoing paragraphs.

21.      Defendant terminated Plaintiff's employment while he was on leave that should have been covered by the Family and Medical Leave Act.

22.      Defendant's actions violated 29 U.S.C. § 2615.

## VII.

## DAMAGES

23.      Plaintiff incorporates each of the foregoing paragraphs.

24.      Defendant's actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost.

25.      Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost, pursuant to 29 U.S.C. § 2617(a)(1)(iii).

26.      Plaintiff seeks all damages available to him under federal law.

**VIII.**

**ATTORNEYS' FEES AND COSTS**

27.    Plaintiff incorporates each of the foregoing paragraphs.

28.    Plaintiff retained the services of undersigned counsel to prosecute his claims.

29.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

**IX.**

**JURY DEMAND**

30.    Plaintiff demands a trial by jury.

**X.**

**CONCLUSION AND PRAYER**

31.    Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Wages, salary, employment benefits, or other compensation denied or lost as determined by the jury;

    B.    Liquidated damages equal to the amount determined by the jury in subsection (A) above;

    C.    Reasonable attorneys' fees and expert fees;

    D.    Courts costs;

    E.    Pre-judgment and post-judgment interest at the rate set by law; and

    F.    All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)


FRANCISCO J. RODRIGUEZ
Texas State Bar No. 17145800
**LAW OFFICE OF FRANCISCO J.
RODRIGUEZ**
1111 West Nolana Avenue
McAllen, Texas 78504
956-687-4363/ 956-687-6415 (Facsimile)


**ATTORNEYS FOR PLAINTIFF**