United States District Court
Southern District of Texas
**ENTERED**
March 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUBEN  AGUILERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-00126 |
| | § | |
| DELGAR FOODS, LLC; dba DELIA'S | § | |
| TAMALES, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court now considers Delgar Foods, L.L.C.'s d/b/a Delia's Tamales ("Defendant")

motion for summary judgment,[1] and well as its motion to compel.[2] After duly considering the

record and relevant authorities, the Court **GRANTS** the motion, **DENIES** the motion to compel,

and **DISMISSES** the action **WITH PREJUDICE**.

### I.    BACKGROUND

In December 2013, Ruben Aguilera ("Plaintiff") began working for Defendant as an

information technology technician,[3] which required him to use ladders.[4] Plaintiff was injured in

an automobile collision while on the job in May 2016, but was thereafter released by a doctor to

return to work with the following instructions: "no ladders, avoid stairs."[5] Climbing ladders was

allegedly one of Plaintiff's *essential* job duties.[6] Thus, Defendant made Plaintiff a "bona fide job

offer—temporary alternative duty" that did not entail using ladders, and instead required Plaintiff

to "continue all your current IT job duties for all stores: [f]inish new construction project while

---

[1] Dkt. No. 25.
[2] Dkt. No. 24.
[3] Dkt. No. 1 p. 3, ¶ 8.
[4] Dkt. No. 25 p. 4, ¶ 9.
[5] *Id*.; *see also* Dkt. No. 25-1 p. 2.
[6] Dkt. No. 25 p. 2, ¶ 5.

supervising the sub-contractor hired."[7] Plaintiff refused.[8] Evidently, Plaintiff did not want to work with the sub-contractor in question.[9]

Defendant emailed Plaintiff on June 15, 2016 explaining that the temporary alternative duty position expired.[10] Instead, "effective today, we are placing you on a medical leave of absence under the [Family Medical Leave Act ("FMLA"] . . . . You will not be required to perform any work functions while on medical leave."[11] On June 17, 2016, Defendant mailed Plaintiff a letter stating that Plaintiff's "FMLA was approved. You are entitled to 12 weeks unpaid leave ending September 9, 2016."[12] The actual FMLA form indicates Plaintiff's FMLA leave was going to expire on September 8, 2016.[13] Plaintiff did not return to work after his FMLA leave expired, so Defendant terminated him on October 31, 2016.[14] Defendant's Chief Operations Officer attests that "[a]t no point did Plaintiff ever indicate that he was ready, willing and able to return to his position . . . ."[15]

Plaintiff sued Defendant in federal court for FLMA interference and discrimination.[16] Plaintiff later amended his complaint to include failure-to-accommodate and discrimination claims under the Americans with Disabilities Act ("ADA").[17] After this amendment, Plaintiff's counsel moved to withdraw,[18] and the Court granted this request. During the motion hearing, Plaintiff apprised the Court that he was actively seeking new counsel. The Court ordered Plaintiff to apprise the Court by December 12, 2017 how he planned to proceed, but Plaintiff

---

[7] Dkt. No. 25-3 p. 2.
[8] Dkt. No. 25 p. 2, ¶ 2(b); *see also id*. p. 11.
[9] *See* Dkt. No. 25 p. 11; *see also* Dkt. No. 25-4 pp. 2–4.
[10] Dkt. No. 25-5 p. 2.
[11] *Id*.
[12] Dkt. No. 25-6 p. 2.
[13] Dkt. No. 25-7 p. 3.
[14] Dkt. No. 25-8 p. 2; *see also* Dkt. No. 25 p. 11.
[15] Dkt. No. 25 p. 11.
[16] Dkt. No. 1 p. 4.
[17] Dkt. No. 14 p. 4.
[18] Dkt. No. 19.

never did so. The Court acknowledged this failure in a subsequent written order, and warned Plaintiff that failure to prosecute his case could result in dismissal of his claims.[19] Thereafter, Defendant filed the instant motion for summary judgment,[20] as well as a motion to compel production.[21] Plaintiff never responded, rendering the instant motions unopposed[22] and ripe for review.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A fact is material "if its resolution could affect the outcome of the action,"[24] while a genuine dispute is present "only if a reasonable jury could return a verdict for the non-movant."[25] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[26]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[27] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[28] The non-movant must then affirmatively demonstrate the existence of a genuine issue of material fact.[29] This demonstration must specifically indicate facts and their

---

[19] Dkt. No. 21.
[20] Dkt. No. 25.
[21] Dkt. No. 24.
[22] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas.
[23] Fed. R. Civ. P. 56(a).
[24] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[25] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[27] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[28] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[29] *See Celotex Corp.*, 477 U.S. at 323.

significance,[30] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation[.]"[31]

In conducting its analysis, the Court may consider evidence from the entire record, viewed in the light most favorable to the non-movant.[32] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[33] Parties may cite to any part of the record, or bring evidence in the motion and response.[34] By either method, parties need not proffer evidence in a form admissible at trial,[35] but must proffer evidence substantively admissible at trial.[36]

### III.   ANALYSIS

Defendant is entitled to summary judgment here. Plaintiff bears the burden to prove up the essential elements of his FMLA and ADA claims, but he fails to prove up *anything* because he never responded to Defendant's motion for summary judgment. With this in mind, the Court addresses each claim/theory at issue in this case.

### A.   *FLMA Claims*

Plaintiff alleges an FLMA interference claim,[37] and thus must establish the following five essential elements: "(1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the

---

[30] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[31] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[32] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[33] *See* Fed. R. Civ. P. 56(e).
[34] *See* Fed. R. Civ. P. 56(c).
[35] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[36] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy [her] burden of proof must be competent and admissible at trial.").
[37] Dkt. No. 14 p. 4.

FMLA."[38] The first three elements are satisfied because Defendant admits them.[39] However, Plaintiff has not proffered any evidence to support the fourth element—that he gave proper notice of his intention to take FMLA leave. Moreover, Plaintiff has not proffered any evidence to support the fifth element—that Defendant denied Plaintiff FMLA benefits Plaintiff was entitled to. For these reasons, Defendant is entitled to judgment in its favor with regard to Plaintiff's FMLA interference claim.

Plaintiff also alleges an FMLA retaliation claim,[40] and thus must establish the following essential elements: "(1) [he]was protected under the FMLA, (2) [he] suffered an adverse employment action, and (3) [he] either was treated less favorably than a similarly situated employee who had not requested leave or the adverse decision was made because [he] took FMLA leave."[41] Even assuming in Plaintiff's favor that the first two elements are satisfied, Plaintiff has not provided any evidence that he was terminated *because* he took FMLA leave. Rather, the only evidence presented suggests Plaintiff was terminated because he never returned to work after his FMLA leave had expired.[42] Thus, Defendant is entitled to judgment in its favor with regard to Plaintiff's FMLA retaliation claim.

B.    *ADA Claims*

Plaintiff alleges an ADA failure-to-accommodate claim, and thus must establish the following essential elements: "(1) [he] is a qualified individual with a disability; (2) the disability

---

[38] *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).
[39] *See* Dkt. No. 25 p. 6.
[40] Dkt. No. 14 p. 4.
[41] *Smith v. Touro Infirmary*, 642 Fed. Appx. 338, 340 (5th Cir. 2016).
[42] Dkt. No. 25-8 p. 2 ("Our records reveal that you have not been actively at work since you began your medical leave of absence on or about June 10, 2016. Although we notified you of your right to leave under the Family and Medical Leave Act on June 17, 2016, you nave not returned to wort within the statutory limitations. Accordingly, because you have not presented yourself to return to work and perform the essential functions of your job before the expiration of FMLA leave, your employment with Delgar Foods, LLC has been administratively terminated effective October 31, 2016."); *see also* Dkt. No. 25 p. 11 ("At no point did Plaintiff ever indicate that he was ready, willing and able to return to his position at Delgar foods, LLC. Plaintiff's FMLA leave having expired and not receiving any indication of Plaintiff's desire and/or ability to return to his position as IT Technician at Delgar Foods, LLC, Plaintiff was administratively terminated effective October 31, 2016.").

and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations."[43] With regard to the first element, a plaintiff is not "qualified" unless he is able to "perform the essential functions" of the job "with or without reasonable accommodation."[44]

Here, Plaintiff has not provided any evidence that, while he was injured, he could have performed the essential functions of his job (*i.e.*, used a ladder), with or without reasonable accommodation. He has thus failed to satisfy the first essential element of his claim. Relatedly, Plaintiff has failed to provide evidence concerning the nature and scope of his duties, such that the Court might reasonably question whether using a ladder was "essential" to his job. For these reasons, at a minimum, Defendant is entitled to judgment in its favor with regard to Plaintiff's ADA failure-to-accommodate claim.

Plaintiff also alleges an ADA discrimination claim, and thus must establish the following essential elements: "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability."[45] As previously noted, Plaintiff has not supplied any evidence that he was qualified for the job, and thus fails to satisfy the second essential element of his claim. Furthermore, he has not provided any evidence that he was subject to an adverse employment decision *on account* of his disability, and thus fails to satisfy the third essential element of his claim. Thus, Defendant is entitled to judgment in its favor with regard to Plaintiff's ADA discrimination claim. In sum, Defendant is entitled to summary judgment in full.

---

[43] *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 442 (5th Cir. 2017).
[44] *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 442 (5th Cir. 2017) (citing 42 U.S.C. § 12111(8)).
[45] *Stringer v. N. Bolivar Consol. Sch. Dist.*, 2018 WL 1192999, at *3 (5th Cir. Mar. 7, 2018).

IV.    HOLDING

For the foregoing reasons, Defendant's motion for summary judgement[46] is **GRANTED**, and Plaintiff's action is **DISMISSED WITH PREJUDICE**. Defendant also filed a motion to compel production of certain evidence from Plaintiff.[47] However, since summary judgment in Defendant's favor has now been granted, an order compelling the production of evidence is now needless and moot. The motion to compel production is therefore **DENIED**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of March, 2018.

_____
Micaela Alvarez
United States District Judge

---

[46] Dkt. No. 25.
[47] Dkt. No. 24.